J-A01038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAWAYNE K. BROWN | |
| Appellee | No. 3014 EDA 2014 |

Appeal from the Order Entered October 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102174-2005
CP-51-CR-0609071-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD  BROWN | |
| Appellee | No. 3046 EDA 2014 |

Appeal from the Order Entered October 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102173-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AQUIL BOND | |
| Appellee | No. 3054 EDA 2014 |

J-A01038-16

Appeal from the Order Entered October 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102171-2005

BEFORE:   LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:     **FILED JUNE 06, 2016**

In this case involving three torture-murderers, Appellees received a new trial, which was an appropriate remedy.  I respectfully dissent from the Majority's decision to bar retrial, and I would not allow Appellees to escape prosecution.

The dispositive issue herein invokes the protections afforded by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as well as Article I, Section 10 of the Pennsylvania Constitution. Our Supreme Court has determined the Double Jeopardy Clause of the Pennsylvania constitution provides a criminal defendant with greater protection than its federal counterpart in that it prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke him or her to move for a mistrial but also when the conduct of the prosecutor "is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." ***Commonwealth v. Smith***, 532 Pa. 177, 615 A.2d 321, 325 (1992).  A review of the record discloses the prosecutor's

---

*Former Justice specially assigned to the Superior Court.

- 2 -

conduct herein was not intended to deprive Appellees of their constitutional right to a fair trial, for it is not clear that the district attorney's actions constituted a clear intent to subvert the court process. *See Commonwealth v. Chmiel*, 777 A.2d 459, 464 (Pa.Super. 2001). Therefore, the trial court erred when it found double jeopardy bars the retrial of Appellees.

The prosecutor posed three questions to ADA McCann regarding the manner in which he, as Chief of the Homicide Unit, made plea deals with potential witnesses. The Commonwealth represents in its brief that the prosecutor's queries were in response to the opening statement of counsel for defendant Jawyne Brown who excoriated the Commonwealth for entering into a plea agreement with Smithwick and specifically stated the government bought his story "hook, line and sinker." Consolidated Brief for Appellant at 11 (citing N.T. 7/14/06, at 74-75).

While his choice of questions may have been inappropriate in light of his indication prior to questioning ADA McCann that he would not be eliciting testimony regarding Smithwick's credibility, the prosecutor did not continue to pursue this line of questioning following the objections of defense counsel, and his three queries remained unanswered. Indeed, the trial court denied defense counsels' contemporaneous motion for a mistrial on the basis of prosecutorial misconduct. In my view, any impropriety that may have resulted from the prosecutor's questioning of Smithwick was properly

remedied by this Court on direct appeal when we granted Appellees a new trial based upon that prosecutorial misconduct.

Moreover, the prosecutor clearly misspoke during his closing when he referenced Smithwick's involvement in solving five additional murders not in evidence in addition to the two to which he had pled guilty. Indeed, his continuing to reference "multiple" as opposed to "seven" after objection was improper. However, such representations were not so intentionally egregious or pervasive so as to support a conclusion that double jeopardy bars the retrial of Appellees under *Commonwealth v. Smith*, 615 A.2d 321 (Pa. 1992) and its progeny. In this regard, the Commonwealth explained the statements of defense counsel in their respective closing arguments questioning the veracity of Smithwick and the gullibility of the Commonwealth in offering him a pea deal prompted such assertions from the prosecutor. *See* Consolidated Brief for Appellant at 13 (citations omitted). Furthermore, the jury was immediately provided with a curative instruction that there had been no record evidence Smithwick helped to solve seven, unresolved murders, and the trial court generally instructed the jury, *inter alia*, it is the sole arbiter of the evidence and that arguments of counsel are not evidence. N.T. trial, 7/14/05, at 108-152.

Even viewing the prosecutor's behavior as an intentional attempt to bolster the credibility of Smithwick, such inappropriate conduct under the facts herein is not akin to that which has been deemed worthy of depriving

defendants of a fair trial and barring retrial on double jeopardy grounds. In my view, the prosecutor's brief questioning of a witness and reference to additional matters about which Smithwick provided authorities information during closing argument do not equate to the Commonwealth's intentionally failing to disclose evidence material to the defendant's case in **Smith**, or the blatant and disrespectful behavior directed at the trial court and fabrication of evidence in **Commonwealth v. Martorano**, 741 A.2d 1221 (Pa. 1999).

Indeed, as this Court has recognized:

Prosecutorial misconduct includes actions intentionally designed to provoke the defendant into moving for a mistrial or conduct by the prosecution intentionally undertaken to prejudice the defendant to the point where he has been denied a fair trial. The double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant subjected to the kind of prosecutorial misconduct intended to subvert a defendant's constitutional rights. However, **Smith** did not create a *per se* bar to retrial in all cases of intentional prosecutorial overreaching. Rather, the **Smith** Court primarily was concerned with prosecution tactics, which actually were designed to demean or subvert the truth seeking process. The **Smith** standard precludes retrial where the prosecutor's conduct evidences intent to so prejudice the defendant as to deny him a fair trial. A fair trial, of course is not a perfect trial. Errors can and do occur. That is why our judicial system provides for appellate review to rectify such errors. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied. A fair trial is not simply a lofty goal, it is a constitutional mandate, ... [and w]here that constitutional mandate is ignored by the Commonwealth, we cannot simply turn a blind eye and give the Commonwealth another opportunity.

**Commonwealth v. Chmiel**, 777 A.2d 459, 463–464 (Pa.Super. 2001) (citations and quotation marks omitted).

Upon a review of the record herein, I would not find the prosecutor's behavior to rise to the level of misconduct that would bar retrial. As such, I would reverse the Orders of the trial court and remand for retrial.